UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                    Case No. 3:20-cr-9

vs.

KEYSON A. WEBB,                         District Judge Michael J. Newman

    Defendant.

**ORDER: DENYING, AS PREMATURE, DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (Doc. No. 63)**

This case is before the Court on Defendant Keyson A. Webb's *pro se* motion for compassionate release and two *pro se* letters, which the Court liberally construes in his favor as memoranda in support of his motion for compassionate release. Doc. Nos. 63, 64, 65; *see United States v. Hunter*, No. 3:19cr182, 2021 WL 4942168, at *5 (S.D. Ohio, Oct. 22, 2021) (citing *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed …."). The Government has not responded to Defendant's motion for compassionate release and the time to do so has passed.

**I.**

Defendant is less than half-way through serving his forty-month sentence that the Court imposed after he pled guilty to one-count of being a felon in possession of a firearm in violation of 21 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. No. 54. This was not his first criminal conviction. At sentencing, the Court determined his prior convictions placed him in Criminal History Category VI—the highest under the United States Sentencing Guidelines. Sentencing Hearing Transcript, p. 8 (March 25, 2021); *see* Doc. No. 37, PageID 99.

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) or a reduction of his sentence to a one-year term of imprisonment. Doc. No. 63. This, he reasons, would effectively constitute compassionate release because he has already served more than one year on his sentence. *Id.* at 175. He further requests placement in a halfway house to enable him to begin working and providing for his seven children especially in light of rising inflation and cost of living that places a heavy financial burden on his family. *Id*.

Defendant argues that extraordinary and compelling reasons support granting him compassionate release because he has a collapsed lung and "has been vaccinated [presumably with the COVID-19 vaccination], and although he is vaccinated, there still exist[s] a risk of infection from new variants, such as the BA2 variant." *Id*. at 176-77. He alleges that during his incarceration at the United States Penitentiary Big Sandy, four inmates attacked him, and he was lucky to survive. *Id*. at 178. He has since been transferred to the United States Penitentiary Pollock where, after his arrival, an inmate was stabbed to death. Doc. No. 64, PageID 186. More recently, he says two inmates "have been stabbed and died" during his time at USP Pollock. Doc. No. 65 at 194. He is "[he is] scared for his life…," and he is just trying to return home so he can be a father to his children and help with his family finances. *Id*. He points out that if he is released, he will be on supervised release for three years. *Id*. He emphasizes that the harsh prison conditions caused by COVID-19 prevent him from bettering himself "as he planned and as the Court reasoned under § 3553(a)(1)-(6) factors during sentencing." Doc. No. 63, PageID 178.

## II.

"Federal sentencing law authorizes a district court to reduce a defendant's previously imposed sentence if the court finds that (1) 'extraordinary and compelling reasons' warrant a reduction; (2) a reduction is 'consistent with applicable policy statements issued by the Sentencing

2

Commission'; and (3) the § 3553(a) factors,[1] to the extent applicable, support a reduction." *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021) (footnote added) (quoting *United States v. Ruffin*, 978 F.3d 1000, 1003–05 (6th Cir. 2020)). Before an inmate files a motion for compassionate release, he or she must exhaust their administrative remedies with the Bureau of Prisons ("BOP"). *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). This requires the inmate to show that he or she: (1) requested early release from the BOP; and (2) "fully exhausted all administrative rights to appeal" the BOP's decision not file a motion on the defendant's behalf or thirty days have lapsed since the warden received the defendant's request. 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A)'s administrative exhaustion requirement is a "mandatory condition" of a ripe compassionate-release claim. *Alam*, 960 F.3d at 833 (explaining that the administrative exhaustion requirement is a claim-processing rule, not a jurisdictional prerequisite).

Defendant has not demonstrated he exhausted his administrative remedies before the BOP. *See* Doc. Nos. 63, 64, 65. He attaches no documentation indicating he first petitioned the warden for his early release or that the warden denied or even received his petition. *See id*. Therefore, Defendant's compassionate release motion is barred under § 3582(c)(1)(A). Defendant may refile his motion upon a showing that he first petitioned the warden for early release.

### III.

Accordingly, Defendant's motion for compassionate release is **DENIED**.

**IT IS SO ORDERED.**

December 7, 2022             s/Michael J. Newman
                                                   Hon. Michael J. Newman
                                                   United States District Judge

---

[1] Referring to 18 U.S.C. § 3553(a).